# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| EUGENE LO, | ) |
|         Plaintiff | ) ) ) |
| v. | ) )    Civil No. 10-73-P-H |
| ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, LLC, and SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) ) |
|         Defendants | ) |

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The defendant Enterprise Rent-A-Car Company of Boston, LLC is a rental car company. The driver of one of its rental vehicles caused an accident on the Maine Turnpike that injured the occupants of two other vehicles. The occupants of one car sued in state court and claimed that the rental car company was jointly and severally liable under a Maine statute, 29-A M.R.S.A. § 1652.[1] The rental car company ultimately paid those occupants in excess of $ 350,000. Thereafter, the sole occupant of the second vehicle sued. Because an intervening federal statute, 49 U.S.C. § 30106, preempted the Maine joint and several liability statute, the rental car company escaped liability in that

---

[1] Section 1652 provides: "An owner engaged in the business of renting motor vehicles, with or without drivers, who rents a vehicle to another for use on a public way, is jointly and severally liable with the renter for damage caused by the negligence of the renter in operating the vehicle and for any damages caused by the negligence of a person operating the vehicle by or with the permission of the renter." 29-A M.R.S.A. § 1652.

lawsuit. The case proceeded against the rental car driver and the plaintiff recovered judgment in the amount of $785,000. Now that plaintiff seeks to recover part of that judgment from the rental car company under Maine's Reach and Apply statute, 29-A M.R.S.A. § 2904. He argues that the rental car company is in essence an insurer because Maine statutes require that any rental car company whose vehicles use Maine roads must provide $350,000 single limit coverage on each rental vehicle through an insurance policy or bond. The rental car company denies that it is an insurer but says that, even if it is, it has no liability to this plaintiff because it has already paid out more than $350,000 in connection with the underlying accident. I held oral argument on June 29, 2010.

The plaintiff has two major arguments: (1) That the rental car company's payment of an amount for which it was jointly and severally liable (the first lawsuit) does not count against an amount that it must pay through the insurance requirement (this lawsuit); (2) That it cannot be said that the rental car company has "paid" those amounts because it is still seeking indemnification from the renter of the vehicle and his employer.[2]

As to the first argument, the Maine statute providing for minimum insurance requirements says that a rental company must provide "a $350,000 combined single limit for rental vehicles" and that:

> The required insurance policy or bond must adequately
> provide liability insurance for the collection of damages for
> which the holder of a permit or the owner of a motor vehicle

---

[2] That lawsuit is described in more detail in State Farm Mut. Auto. Ins. Co. v. Koshy, No. YOR-07-683, YOR-08-555, 2010 WL 2038433 (Me. May 25, 2010).

> or vehicles may be liable by reason of the operation of a motor vehicle or vehicles subject to this chapter.

29-A M.R.S.A. § 1611(2),(5). This insurance for collection of damages does not distinguish among bases of liability, but applies to all "damages for which the . . . owner of a motor vehicle . . . may be liable by reason of the operation of a motor vehicle." 29-A M.R.S.A. § 1611(5). By its plain language, that provision for collection of damages includes both liability on joint and several principles, and liability on insurance principles. That conclusion is consistent with the purpose of the insurance statute, to ensure that any vehicle has that amount of coverage.[3] I conclude that the plaintiff fails on his first argument.

As to the second argument, there is no factual dispute that the rental car company has paid more than $350,000 to people injured by the accident. The fact that the company may ultimately recover some or all of that amount through indemnification does not alter that fact. That payment has satisfied the purpose of the statute, to be certain that $350,000 was available to and distributed to those injured. Whether the rental car company can later shift liability to, and recover from, another party is immaterial.

---

[3] The plaintiff cites Beal v. Allstate Ins. Co., 989 A.2d 733 (Me. 2010), to support his position that Enterprise's payment based on its joint and several liability does not count against an amount that it must pay based on section 1611's insurance requirement. Beal involved two Allstate insurance policies—Allstate was the liability insurer for the tortfeasor and Allstate separately provided underinsured coverage to Beal. In Beal the Maine Law Court held that the injured plaintiff could recover from Allstate for her underinsured motorists claim even though she had already agreed that her recovery from the tortfeasor was limited to the $100,000 that Allstate paid pursuant to tortfeasor's policy. Id. at 742. The Law Court reasoned that the agreement capping recovery at $100,000 referred to Allstate only as the liability insurer and it did not encompass Allstate's separate obligations to Beal as her underinsured motorist insurer. Id. Here, Enterprise was required by statute to provide either liability insurance in the minimum amount of $350,000 or to secure a surety bond guaranteeing self-insurance in that amount. It did the latter, and thereby satisfied its statutory obligation. Beal's two-policy analysis does not apply.

The plaintiff agreed at oral argument that if it fails on its ability to recover under Reach and Apply principles, then its other claims for relief—breach of contract (Count III), Maine Unfair Claims Settlement Practices Act, 24-A M.R.S.A. § 2436-A, (Count IV) and breach of fiduciary duty—fail as well.

Accordingly, the defendants' motion for summary judgment is **GRANTED**.

**SO ORDERED.**

**DATED THIS 1ST DAY OF JULY, 2010**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**